**Dora Mae BUCHEA, Personal Representative of the Estate of Wayne P. Booshu, Jr., Deceased, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 96–36066.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1998.

Decided Sept. 11, 1998.

---

William J. Donohue, Anchorage, AK, for plaintiff-appellant.

Kenneth S. Roosa, Asst. U.S. Atty., Anchorage, AK, for defendant-appellee.

Before: FARRIS, O'SCANNLAIN and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We decide an issue of first impression: does a Tribal Custom Adoption, recognized by Alaska state authorities at the instance of trial authorities, preclude the adopted child from recovery under Alaska's Wrongful Death statutes for the loss of a biological parent?

Dora Buchea, mother and personal representative of the Estate of Wayne Booshu, appeals the district court's summary judgment dismissal of her action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, seeking damages for medical malpractice for the wrongful death of Booshu, who died in October 1994 from a brain aneurysm. The district court concluded that Booshu's daughter Laura was not his beneficiary un-der Alaska's Wrongful Death Act because she had been adopted by her maternal grandparents. We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts are not in material dispute. On October 7, 1994, Wayne Booshu, a lifelong resident of St. Lawrence Island, Alaska and a Native Alaskan Eskimo, died from a brain aneurysm. Booshu was survived by two biological children, Laura Mae Toolie and Harry Uglowook. Laura had lived with her maternal grandparents in the Native Village of Savoonga from the time of her birth in 1985. She was adopted by those grandparents pursuant to tribal custom more than nine months prior to Booshu's death.

Shortly after the adoption, the Native Village of Savoonga filed a Report of Adoption Occurring Under Tribal Custom with the State of Alaska. Sometime after the filing of this report but before Booshu's death, the Alaska Department of Health and Social Services, Bureau of Vital Statistics, issued a substitute birth certificate listing Laura's grandparents as her parents.

Dora Mae Buchea, as personal representative of the Estate of Wayne P. Booshu, thereafter filed a wrongful death action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, and the Alaska Wrongful Death Act, Alaska Stat. § 09.55.580 (the "Act"). The government moved for partial summary judgment on the basis that Laura, who had been adopted by her grandparents, was no longer Booshu's legal daughter and therefore could not recover as a beneficiary under the Act.[1]

The district court agreed, granting partial summary judgment for the government from which Buchea now appeals.[2]

---

1. According to Buchea, Wayne's other child, Harry Uglowook, "as a result of settlement . . . is going to receive from his father's estate, lifelong annuity payments intended to compensate him for the loss of the relationship suffered as the result of his father's death." No other evidence of this settlement appears in the record.

2. After partial summary judgment was granted, Buchea moved unopposed for entry of final judgment dismissing those claims which concern Laura. The district court, pursuant to Fed. R.Civ.P. 54(b), entered final judgment dismissing those claims with prejudice.

## STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment. *See Avemco Ins. Co. v. Davenport,* 140 F.3d 839, 842 (9th Cir.1998). Summary judgment is appropriate if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c).

## ANALYSIS

 Buchea brought this action under the Alaska Wrongful Death Act. The Act provides, in relevant part, that any recovery for a wrongful death:

> shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse, children, or other dependents.

Alaska Stat. § 09.55.580(a). Buchea has not asserted that Laura is an "other dependent" within the meaning of the statute. Rather, she argues that, as a legal matter, Laura was Booshu's "child" at the time of his death. Contrary to Buchea's argument, we hold that, under Alaska law, Laura's adoption terminated her legal relationship with her birthfather, Booshu.

 Laura was adopted by her maternal grandparents nine months prior to Booshu's death. The State of Alaska recognized this adoption by issuing a substitute birth certificate listing her grandparents as her legal parents. Under Alaska law, a legal adoption "relieve[s] the natural parents of the adopted person of all parental rights and responsibilities and ... terminate[s] all legal relationships between the adopted person and the natural parents." Alaska Stat. § 25.23.130.[3] As the statute indicates, the severing of the legal relationship cuts off both parental rights and responsibilities. Thus, as soon as the substitute birth certificate was issued, Booshu had no legal right to make decisions on behalf of Laura concerning her schooling, her health care, or any other area of her life.

Nor could the State of Alaska have forced Booshu to pay child support or fulfill any other legal obligation generally incumbent on a parent. In essence, Laura's adoption severed the legal parent-child relationship between her and Booshu; including her right to bring a claim as a "child" under the wrongful death act.

Buchea makes several arguments as to why the tribal adoption should have no effect on Laura's status as Booshu's daughter under Alaska law. We find none of these arguments persuasive.

 First, we reject Buchea's argument that the adoption did not sever Booshu's parental rights because he never consented to the adoption. Initially, there is no evidence that Booshu contested this adoption. Moreover, assuming either Buchea or Laura has standing to challenge Laura's adoption, that claim is barred by the one-year statute of limitations, which began to run upon the issuance of Laura's new birth certificate.[4] *See* Alaska Stat. § 25.23.140; *Hernandez,* 951 P.2d at 441.

Second, we reject the contention that the parent-child legal relationship was unchanged by the adoption because neither Booshu nor Laura's grandparents intended for the adoption to sever Booshu's legal rights. Buchea has brought her wrongful death action under Alaska law. Under that law, only children, parents, or other dependents can recover for a wrongful death. Buchea insists that Laura remained Booshu's legal child after her adoption, but Alaska law makes clear that the adoption terminated that legal relationship. While one might challenge the validity of an Alaska adoption based on the intent of the parties involved, such a challenge here, as stated above, would be barred by the statute of limitations.

Finally, we reject Buchea's claim that Laura remained Booshu's legal child because Sa-

---

**3.** As Buchea points out, a "final decree of adoption" was never issued by Alaska or any other state in accordance with Alaska Stat. § 25.23.130. However, the Supreme Court of Alaska has recently made clear that the issuance of a new birth certificate is the legal equivalent of an adoption decree. *See Hernandez v. Lambert,* 951 P.2d 436, 441 (Alaska 1998) (issuance of new

birth certificate triggered limitations period for seeking paternity determination).

**4.** Buchea's first challenge to the adoption was in her Opposition to Motion for Partial Summary Judgment, filed May 24, 1996, well over one year after Laura's new birth certificate was issued.

voonga tribal customary adoption does not terminate parental rights. Although tribal law and custom might differ from Alaska law on this point, because Buchea seeks recovery under Alaska statutes, Alaska law controls this case. Were Buchea to have brought this action in tribal court under tribal law, this might be a different case. Because she seeks to recover under Alaska law, however, Alaska law determines the legal relationship between Laura and Booshu.

AFFIRMED.